UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

NOE DELGADO,

                            Plaintiff,
                                                          7:09-CV-1084
v.                                                        (GTS/VEB)

MICHAEL J. ASTRUE, Commissioner of
Social Security,

                            Defendant.

_____

APPEARANCES:                                    OF COUNSEL:

CONBOY, McKAY BACHMAN & KENDALL, LLP      PETER L. WALTON, ESQ.
   Counsel for Plaintiff
407 Sherman Street
Watertown, New York 13601

SOCIAL SECURITY ADMINISTRATION            THOMAS C. GRAY, ESQ.
OFFICE OF REGIONAL GEN. COUNSEL
   Counsel for Defendant
26 Federal Plaza – Room 3904
New York, New York 10278

HON. GLENN T. SUDDABY, United States District Judge

**MEMORANDUM-DECISION and ORDER**

Currently before the Court in this action, filed by Noe Delgado ("Plaintiff") against

Social Security Commissioner Michael J. Astrue ("Defendant") pursuant to 42 U.S.C. § 405(g)

seeking Social Security benefits, are the following: (1) Plaintiff's motion for judgment on the

pleadings (Dkt. No. 9); (2) Defendant's motion for judgment on the pleadings (Dkt. No. 12); and

(3) the Report-Recommendation of United States Magistrate Judge Victor E. Bianchini, issued

pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 72.3(c) of the Local Rules of

Practice for this Court, recommending that the case be remanded to Defendant for further

proceedings pursuant to sentence four of 42 U.S.C. § 405(g) (Dkt. No. 14).  For the reasons set

forth below, Magistrate Judge Bianchini's Report-Recommendation is accepted and adopted in is

entirety; Plaintiff's motion for judgment on the pleadings is granted in part and denied in part;

Defendant's motion for judgment on the pleadings is denied; and the case is remanded to

Defendant for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

## I.      RELEVANT BACKGROUND

### A.      Procedural History

Because neither party has objected to Part II of Magistrate Judge Bianchini's Report-

Recommendation, which sets forth the procedural background of this action, the Court adopts

that description of this action's procedural background.  (*See generally* Dkt. No. 14, at 1-2

[Report-Rec].)

More specifically, on June 9, 2008, Plaintiff applied for disability insurance benefits

("DIB") and supplemental security income ("SSI") under the Social Security Act based on post-

traumatic stress disorder ("PTSD"), an ankle impairment, and a back impairment which left him

unable to work.  (*See* Administrative Transcript ["T."] at 123-125.)[1]   The application was denied

by the Social Security Administration.  (T. at 54-57.)  On January 28, 2009, a video hearing was

held before an Administrative Law Judge ("ALJ") of the Social Security Administration. (T. at

18-52.)

---

[1]      "To be eligible for disability insurance benefits, a claimant must establish an 'inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months.'" *Dixie v. Comm'r of Soc. Sec*., 05-CV-0345, 2008 WL 2433705 at *7 (N.D.N.Y. June 12, 2008) (Mordue, J.) (citation omitted).

On February 13, 2009, the ALJ issued a decision denying Plaintiff's applications.  (T. at 11-17.)  In her decision, the ALJ applied the five-step sequential evaluation process for determining whether an individual is disabled,[2] and concluded that Plaintiff was not disabled from February 1, 2007 (i.e., the alleged onset date) through February 13, 2009 (i.e., the date of the ALJ's decision).  (Dkt. No. 14.)

In reaching this conclusion, the ALJ made the following findings: (1) Plaintiff met the insured status requirements of the Social Security Act through December 31, 2012, and had not engaged in substantial gainful activity as of his alleged onset date, February 1, 2007; (2) Plaintiff's "degenerative changes of the lumbar spine, arthritis of the right ankle, posttraumatic stress disorder, major depression, and history of alcohol abuse" were severe impairments; (3) Plaintiff's impairments did not either meet or medically equal a Listed impairment; (4) Plaintiff had the residual functional capacity to (a) lift and/or carry 20 pounds occasionally and ten pounds frequently, (b) stand and/or walk for a total of six hours in an eight-hour workday, (c) sit for a total of six hours in an eight-hour workday, (d) push and/or pull 20 pounds occasionally

---

[2]      "In the first step, the ALJ determines whether the claimant has engaged in 'substantial gainful activity' since the alleged onset of the disability." *Doyle v. Astrue*, 08-CV-0641, 2009 WL 4893641, at *2 (N.D.N.Y. Dec. 15, 2009) (McAvoy, J.) (citing 20 C.F.R. § 404.1520[a][4][i]).  "If not, the next inquiry is whether the claimant suffers from a medically determinable 'severe' impairment established by medical evidence including signs, symptoms and laboratory findings." *Doyle*, 2009 WL 4893641, at *2 (citing 20 C.F.R. at § 404.1520[a][4][ii], § 404.1528).  "Severity is defined as significantly limiting an individual's physical or mental ability to do basic work activities." *Id*. (citing 20 C.F.R. at § 404.1521[a]).  "Should the claimant be suffering from a medically determinable severe impairment, the third step is to determine whether the impairment is listed, or is equal to any listing, in Appendix I, which specifies over 100 medical conditions that would prevent an individual from performing 'substantial gainful activity.'" *Id*. (citing 20 C.F.R. at §§ 404.1520[a][4][iii], 404.1525[a]).  "If so, the individual is considered 'disabled' under the Act and the inquiry ends. *Id*. (citation omitted).  "If not, the inquiry continues to the last two steps to determine whether the claimant has the [Residual Functional Capacity or "RFC"] to perform any past relevant work or other jobs that exist in the national economy, considering the claimant's age, education and work experience." *Id*. (citing 20 C.F.R. at § 404.1520[a][4][iv][v]; *Berry v. Schweiker*, 675 F.2d 464, 467 [2d Cir. 1982]).

and ten pounds frequently, (e) climb ladders, ropes, or scaffolds occasionally, and (f) understand, carry out, and remember simple instructions, respond appropriately to supervision, coworkers, and usual work situations, and deal with changes in a routine work setting; (5) Plaintiff's subjective complaints were "not fully credible"; (6) Plaintiff was a younger individual with a high school education, and was able to communicate in English; and (7) based on Medical-Vocational Rule 202.21, there were a significant number of positions in the national economy that Plaintiff could perform. (Dkt. No. 14 at 5-6.)

Plaintiff appealed from the ALJ's decision to the Social Security Administration's Appeals Council. (T. at 7.) On July 31, 2009, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of Defendant. (T. at 1-4.) On September 24, 2009, Plaintiff commenced this action in federal court. (Dkt. No. 1.)

Generally, in his brief in support of his Complaint, Plaintiff asserts the following three arguments: (1) the ALJ erred in evaluating Plaintiff's credibility; (2) the ALJ erred in weighing the opinions from Plaintiff's treating sources; and (3) the ALJ erred at various other points throughout the sequential evaluation. (Dkt. No. 9.) Generally, in his brief in response to Plaintiff's brief, Defendant opposes each of these arguments, and argues that the Commissioner's decision should be affirmed. (Dkt. No. 12.)

### B.     Magistrate Judge Bianchini's Report-Recommendation

On January 31, 2011, Magistrate Judge Bianchini issued a Report-Recommendation recommending that Plaintiff's case be remanded to the Commissioner. (Dkt. No. 14.) Generally, in support of his recommendation, Magistrate Judge Bianchini found as follows: (1) the ALJ failed to apply the required two-step analysis when assessing Plaintiff's credibility; (2) the ALJ failed to give proper weight to Plaintiff's treating sources; and (3) because the ALJ

failed to properly evaluate Plaintiff's treating sources, the ALJ's sequential evaluation was

flawed.  (*Id*.)

## II.   APPLICABLE LEGAL STANDARDS

### A.   Standard of Review of Magistrate Judge Bianchini's Report-Recommendation

When specific objections are made to a magistrate judge's report-recommendation, the

Court makes a "*de novo* determination of those portions of the report or specified proposed

findings or recommendations to which objection is made."  *See* 28 U.S.C. § 636(b)(1)(C).[3]

When only general objections are made to a magistrate judge's report-recommendation, or where

the objecting party merely reiterates the same arguments taken in its original papers submitted to

the magistrate judge, the Court reviews the report-recommendation for clear error or manifest

injustice.  *See Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22,

1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).[4]

Similarly, when a party makes no objection to a portion of a report-recommendation, the Court

---

[3]       On *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C.
§ 636(b)(1)(C).  However, a district court will ordinarily refuse to consider evidentiary material
that could have been, but was not, presented to the Magistrate Judge in the first instance.  *See,
e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a
magistrate's report before the district court, a party has no right to present further testimony
when it offers no justification for not offering the testimony at the hearing before the
magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v.
Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its
discretion in denying plaintiff's request to present additional testimony where plaintiff "offered
no justification for not offering the testimony at the hearing before the magistrate").

[4]       *See also Camardo v. Gen. Motors Hourly-Rate Empl. Pension Plan*, 806 F. Supp.
380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely
constitute a "rehashing" of the same arguments and positions taken in original papers submitted
to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL
3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*,
07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte
v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe,
J.).

reviews that portion for clear error or manifest injustice. *See Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) [citations omitted]; Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition [citations omitted].  After conducing the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

> **B.      Standard Governing Judicial Review of Defendant's Decision**

In Part III(A) of his Report-Recommendation, Magistrate Judge Bianchini correctly recited the legal standard governing judicial review of Defendant's decision.  (Dkt. No.14, at 3-5.)  As a result, this standard is incorporated by reference in this Decision and Order, which is intended primarily for the review of the parties.

**III.     ANALYSIS**

Objections to the Report-Recommendation have not been filed in this case, and the time in which to do so has expired.  As a result, the Court need review the Report-Recommendation only for clear error.

After carefully reviewing all of the papers in this action, including Magistrate Judge Bianchini's Report-Recommendation, the Court concludes that Magistrate Judge Bianchini's thorough Report-Recommendation is correct in all respects.  (Dkt. No. 14.)  Magistrate Judge Bianchini employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts.  (*Id*.)  As a result, the Court accepts and adopts the Report-Recommendation in its entirety for the reasons stated therein.  (*Id*.)

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Bianchini's Report-Recommendation (Dkt. No. 14) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 9) is

**GRANTED** **in part** and **DENIED** in part; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 12) is

**DENIED**; and it is further

**ORDERED** that this action is **REMANDED** to Defendant for further proceedings in

accordance with this Decision and Order and pursuant to sentence four of 42 U.S.C. § 405(g).

Dated: March 24, 2011
      Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge